IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALEX R. SANTIAGO,

        Plaintiff,

v.                                                    CIV No. 15-496 GBW

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

        Defendant.

## ORDER GRANTING REMAND

      This matter comes before the Court on Plaintiff's Motion to Remand the Social Security Agency (SSA) decision to deny Plaintiff Supplemental Security Income (SSI) benefits. *Doc. 19.* For the reasons discussed below, the Court GRANTS Plaintiff's motion and REMANDS this action to the Commissioner for further proceedings consistent with this opinion.

## I.    PROCEDURAL HISTORY

      Plaintiff filed an initial application for SSI benefits on February 6, 2012. Administrative Record ("AR") at 115-23. Plaintiff alleged that he had a disability resulting from injuries to his back, wrist, hand, shoulder, knee, and ankle. AR at 147. An Administrative Law Judge (ALJ) held a hearing on September 12, 2013. AR at 31-53. On December 5, 2013, the ALJ issued an unfavorable decision, concluding that Plaintiff could perform other jobs available in the national economy and therefore was not

disabled.  AR at 15-25.  Plaintiff appealed the denial of his SSI application to the

Appeals Council, which declined review on April 28, 2015.  AR at 1-3.  Plaintiff filed suit

in this Court on June 12, 2015, seeking review of the ALJ's decision.  *Doc. 1.*

## II.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a court may review a final decision of the

Commissioner only to determine whether it (1) is supported by "substantial evidence"

and (2) comports with the proper legal standards.  *Casias v. Sec'y of Health & Human*

*Servs.*, 933 F.2d 799, 800-01 (10th Cir. 1991).  "In reviewing the ALJ's decision, we

neither reweigh the evidence nor substitute our judgment for that of the agency."

*Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotations omitted).

Substantial evidence is "more than a mere scintilla.  It means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."

*Casias*, 933 F.3d at 800.  "The record must demonstrate that the ALJ considered all of the

evidence, but an ALJ is not required to discuss every piece of evidence."  *Clifton v.*

*Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).  "[I]n addition to discussing the evidence

supporting his decision, the ALJ must also discuss the uncontroverted evidence he

chooses not to rely upon, as well as significantly probative evidence he rejects."  *Id*. at

1010.  "The possibility of drawing two inconsistent conclusions from the evidence does

not prevent [the] findings from being supported by substantial evidence."  *Lax v. Astrue*,

489 F.3d 1080, 1084 (10th Cir. 2007).

### III.   PARTIES' POSITIONS

Plaintiff asserts that the ALJ erred by: (1) failing to properly evaluate the opinion evidence of Dr. Basmah Jalil and Dr. Raul Young-Rodriguez; (2) failing to provide a narrative discussion describing how the evidence supports her assessment of Plaintiff's abilities; and (3) failing to properly evaluate Plaintiff's credibility.  The Commissioner argues that: (1) the ALJ properly considered the medical evidence of Dr. Jalil and Dr. Young-Rodriguez in determining Plaintiff's RFC; (2) the ALJ properly performed a function-by-function assessment of Plaintiff's abilities in her decision; and (3) the ALJ properly considered Plaintiff's credibility in assessing his RFC.  Ultimately, the Court concludes that the ALJ erred in failing to properly evaluate the opinion evidence of Dr. Jalil, and therefore the Court does not reach the other issues.

### IV.   ALJ EVALUATION

#### A.  Legal Standard

For purposes of Supplemental Security Income benefits, an individual is disabled when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C.A. § 1382c(a)(3)(A).  To determine whether a person satisfies these criteria, the SSA has developed a five-step test.  *See* 20 C.F.R. § 404.1520.

If the Commissioner finds an individual disabled at any step, the next step is not taken. *Id*. § 404.1520(a)(4).

At the first four steps of the analysis, the claimant has the burden to show: (1) he is not engaged in "substantial gainful activity;" (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and that either (3) his impairments meet or equal one of the "Listings" of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." *Id.* § 416.920(a)(4)(i–iv); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

Step four of this analysis consists of three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ determines the claimant's residual functional capacity ("RFC") in light of "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). A claimant's RFC is "the most [he or she] can still do despite [physical and mental] limitations." *Id*. § 404.1545(a)(1). Second, the ALJ determines the physical and mental demands of the claimant's past work. "To make the necessary findings, the ALJ must obtain adequate 'factual information about those work demands which have a bearing on the medically established limitations.'" *Winfrey*, 92 F.3d at 1024 (quoting Social Security Ruling 82-62 (1982)). Third, the ALJ determines whether, in light of the RFC, the claimant is capable of meeting those demands. *Id*. at 1023, 1025.

If the ALJ concludes that the claimant cannot engage in past relevant work, he or she proceeds to step five of the evaluation process.  At step five, the burden of proof shifts to the Commissioner to show the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity, age, education, and work experience.  *Grogan*, 399 F.3d at 1257.

**B.  The ALJ's Decision**

On December 5, 2013, the ALJ issued a decision denying Plaintiff's application for benefits.  AR at 15-25.  In denying Plaintiff's application, the ALJ applied the required five-step sequential analysis.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his application date of January 9, 2012.  AR at 17.  At step two, the ALJ determined that Plaintiff had the following severe impairments: history of deep vein thrombosis (DVT) and pulmonary embolism; status post left wrist external fixation; degenerative changes in the right knee; degenerative joint disease in the left knee; and an L2 vertebral body compression.  AR at 17.  At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment.  AR at 18.

At step four, the ALJ determined that Plaintiff had the RFC to "perform light work as defined in 20 CFR 404.1567(b)," with certain listed limitations.  AR at 18.  The ALJ also found that Plaintiff is unable to perform any of his past relevant work.  AR at

23.  However, at step five, the ALJ found that Plaintiff could perform jobs that existed in significant numbers in the national economy, including positions as an assembler, an electronics assembler, or a greeter.  AR at 23-24.

### V.   ANALYSIS

Plaintiff claims that the ALJ failed to properly evaluate the opinion of Dr. Jalil, his treating physician.  *Doc. 19* at 7-9.  In determining a claimant's RFC, an ALJ "is required to consider all of the claimant's medically determinable impairments, singly and in combination," and a failure to do so is reversible error.  *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).  While an ALJ "need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is significantly probative."  *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001) (quotation omitted).

An ALJ must first determine whether the opinion of a treating source is entitled to controlling weight.  A treating source's opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "consistent with other substantial evidence in the record."  *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).  To determine what weight to give to a medical opinion, the ALJ must consider the following factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported

6

> by relevant evidence; (4) consistency between the opinion and the record
> as a whole; (5) whether or not the physician is a specialist in the area upon
> which an opinion is rendered; and (6) other factors brought to the ALJ's
> attention which tend to support or contradict the opinion.

*Goatcher v. U.S. Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995); *see also*

*Kilpatrick v. Astrue*, 502 F. App'x 801, 806 (10th Cir. 2012).  If the ALJ does not give the

treating source's opinion controlling weight, he or she "must announce good reasons

for the weight assigned" and "such reasons must be sufficiently specific to make clear to

any subsequent reviewers the weight the adjudicator gave to the treating source's

medical opinion and the reasons for that weight."  *King v. Barnhart*, 114 F. App'x 968,

970 (10th Cir. 2004); *see also* 20 C.F.R. § 404.1527 ("We will always give good reasons in

our notice of determination or decision for the weight we give your treating source's

opinion.").

Here, the ALJ stated that "Dr. Jalil's opinion of [Plaintiff's] limitations is not

inconsistent with [the assessment of Plaintiff's RFC] and it is accorded significant

weight with respect to his inability to perform heavier types of jobs and his need to

alternate positions."  AR at 22.  The ALJ noted that Dr. Jalil had indicated that Plaintiff

"would need to limit his physical activity to light lifting of no more than 10

pounds . . . ."  AR at 22.  However, the ALJ failed to include this limitation in her

assessment of Plaintiff's RFC, instead merely stating:

> [Plaintiff] has the residual functional capacity to perform light work as
> defined in 20 CFR 416.967(b) except he requires a sit/stand option
> allowing him to sit or stand alternatively at will provided he is not off

task more than 10 percent of the workday; he is unable to constantly handle objects with his left hand; and he should avoid even moderate exposure to hazards such as moving machinery and unprotected heights.

AR at 18.

As the ALJ did not specifically list a limitation regarding the weight that Plaintiff can lift, it is necessary to refer to the regulations. As defined by federal regulations, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 CFR § 416.967(b). This definition of light work directly conflicts with Dr. Jalil's recommendation that Plaintiff lift no more than 10 pounds, yet the ALJ failed to explain why she determined that Plaintiff was capable of lifting twice the weight indicated by Dr. Jalil's opinion. *See generally* AR at 15-25.

The Commissioner argues that the ALJ specified that she gave significant weight to Dr. Jalil's opinion "with respect to [Plaintiff's] inability to perform heavier types of jobs," implying that the ALJ did not rely on Dr. Jalil's opinion with regard to Plaintiff's ability to perform light work. *See doc. 21* at 16. While the ALJ is entitled to adopt only certain portions of a treating physician's opinion, the ALJ is required to explain the weight given to the rest of Dr. Jalil's opinion and the reasons for that weight. *See, e.g.*, *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007). The ALJ's implicit rejection of Dr. Jalil's finding, with no explanation of why she rejected such finding, constitutes reversible error. *See Quintero v. Colvin*, 567 F. App'x 616, 617 (10th Cir. 2014) (remanding case

8

where "the ALJ failed to provide adequate and acceptable reasons for the weight he assigned to the medical opinions").

Moreover, the Court cannot conclude that this rejection was harmless.  The limitation as identified by Dr. Jalil, had it been accepted by the ALJ and included in the RFC, may have impacted the potential employment available to Plaintiff.  Indeed, such a finding that Plaintiff can lift no more than 10 pounds might preclude Plaintiff from working as an assembler, an electronics assembler, or a greeter.  *See* AR at 23-24.  As the ALJ failed to include the limitation found by Dr. Jalil in her determination of Plaintiff's RFC, the Court is left to speculate as to whether such limitation may have precluded Plaintiff from performing these jobs and therefore resulted in a finding that Plaintiff is disabled.

## VI.   CONCLUSION

Plaintiff has demonstrated that the ALJ erred in her analysis of medical opinion evidence offered by Plaintiff's treating physician.  Accordingly, Plaintiff's Motion to Remand to Agency for Rehearing (*doc. 19*) is GRANTED, and this case is REMANDED to the Commissioner for further proceedings consistent with the opinion.

IT IS SO ORDERED.

_____

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**