IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


ALEX R. SANTIAGO,

    Plaintiff,

v.                                                                                                  CIV No. 15-496 GBW

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

    Defendant.


### ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

This matter is before the Court on Plaintiff's Motion for Award of Attorney's Fees and Costs Under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. *Doc. 25.* On May 23, 2016, this Court granted Plaintiff's Motion to Reverse and Remand the Commissioner's denial of social security disability benefits and remanded this action to the Commissioner. *Doc. 24.* Plaintiff filed the instant motion on August 15, 2016. *Doc. 25.*

I.    STATEMENT OF LAW

The EAJA states that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, unless the court finds

1

that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of showing that its position was substantially justified. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). The test for substantial justification is "one of reasonableness in law and fact." *Id.* "For purposes of the EAJA, the more clearly established are the governing norms, and the more clearly they dictate a result in favor of the private litigant, the less 'justified' it is for the government to pursue or persist in litigation. Conversely, if the governing law is unclear or in flux, it is more likely that the government's position will be substantially justified." *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987) (internal citation omitted).

If the Court awards attorney's fees, the burden falls on the party requesting attorney's fees to establish the reasonableness of both an attorney's hourly fee and the number of hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Ultimately, the amount of the attorney's fee to be awarded is a decision that lies within the Court's discretion. *See Pierce v. Underwood*, 487 U.S. 552, 571 (1988).

II. **PARTIES' POSITIONS**

Plaintiff has requested $2,033.00 in EAJA fees for 10.7 hours of work (1 hour of work by Gary Martone and 9.7 hours of work by Feliz Martone) at a rate of $190 per hour. *Docs. 25-1, 25-2.* Defendant opposes the motion solely on the grounds that Defendant's position was substantially justified. *See generally doc. 26*.

### III. ANALYSIS

The Court remanded this matter to the Social Security Administration because the ALJ failed to demonstrate that she properly evaluated the opinion of Dr. Basmah Jalil, Plaintiff's treating physician. *See generally doc. 24*. The ALJ discounted the opinion of Dr. Jalil without providing discussion or analysis explaining this decision, merely stating that his opinion "is accorded significant weight with respect to [Plaintiff's] inability to perform heavier types of jobs and his need to alternate positions." Administrative Record ("AR") at 22. The ALJ specifically noted Dr. Jalil's opinion that Plaintiff "would need to limit his physical activity to light lifting of no more than 10 pounds," yet in the ALJ's determination of Plaintiff's residual functional capacity (RFC), she concluded that Plaintiff was capable of lifting up to twenty pounds. *See* AR at 18; 20 CFR § 416.967(b).

Despite the clear contradiction between Dr. Jalil's opinion and the ALJ's determination of Plaintiff's RFC, the ALJ concluded that "Dr. Jalil's opinion of [Plaintiff's] limitations is not inconsistent with [the assessment of Plaintiff's residual functioning capacity]." AR at 22. The Court found that the ALJ committed a legal error in attributing great weight to Dr. Jalil's opinion yet failing to explain why she rejected Dr. Jalil's finding that Plaintiff can lift no more than ten pounds. *Doc. 24* at 7-9. As a result, the Court remanded this case to the Commissioner for further proceedings consistent with the opinion. *Id.* at 9.

As an initial matter, it is undisputed that Plaintiff is "a prevailing party who incurred fees in an action by or against the United States," as the Court granted a remand for further proceedings after the Commissioner of Social Security denied his claim for benefits. *Dorman v. Astrue*, 435 F. App'x 792, 794 (10th Cir. 2011); *see docs. 25, 26*. Nonetheless, Defendant argues that the Court should not award Plaintiff attorney's fees under the EAJA because Defendant's position was substantially justified. *Doc. 26*; *see also* 28 U.S.C.A. § 2412(d)(1)(A). In its response to Plaintiff's Motion to Remand, Defendant argued that "while the ALJ did not adopt Dr. Jalil's specific limitation to lifting only 10 pounds, the ALJ expressly relied on Dr. Jalil's opinion generally 'with respect to [Plaintiff's] inability to perform heavier types of jobs.'" *Doc. 21* at 16 (quoting AR at 22). Defendant concluded that this partial reliance on Dr. Jalil's opinion "was not inconsistent with the ALJ's RFC assessment for a range of light work." *Id.*

As the Court discussed in its Order Granting Remand, "[t]he ALJ's implicit rejection of Dr. Jalil's finding, with no explanation of why she rejected such finding, constitutes reversible error." *Doc. 24* at 8. The Court finds that Defendant's position in its response was not substantially justified, as the law clearly states that an ALJ must explain the weight given to a treating physician's opinion and the reasons for rejecting any portions of that opinion. *See, e.g.*, *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007); *Quintero v. Colvin*, 567 F. App'x 616, 617 (10th Cir. 2014) (unpublished) (remanding case where "the ALJ failed to provide adequate and acceptable reasons for

4

the weight he assigned to the medical opinions"); *Kerwin v. Astrue*, 244 F. App'x 880, 884 (10th Cir. 2007) (unpublished) (remanding case where the ALJ failed to discuss "the contrary opinions of . . . the examining consultant").

Defendant now attempts to argue that its position was substantially justified because the ALJ noted favorable medical findings which supported her determination of Plaintiff's lifting ability. *Doc. 26* at 4-5. Defendant discusses medical findings contained in the ALJ's opinion and argues that "[e]ven if the ALJ should have more fully addressed this evidence in [her] decision, this favorable evidence actually supported the ALJ's assessment." *Id.* at 6. Defendant concludes that "the ALJ reasonably, if incorrectly, considered the medical evidence, including Dr. Jalil's opinion, in determining Plaintiff's residual functioning capacity." *Id.* at 7.

However, Defendant's arguments do not warrant a denial of attorney's fees. While Defendant correctly identifies evidence throughout the ALJ's opinion which arguably supports her finding that Plaintiff could lift more than ten pounds, the issue before the Court is whether Defendant was substantially justified in its argument as to the issue on which Plaintiff prevailed, leading to remand. *Evans v. Colvin*, 640 F. App'x 731, 734 (10th Cir. 2016); *Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1995) ("[W]e direct our inquiry to the procedural issue that led to remand . . . ."). Thus, Defendant must demonstrate that it was substantially justified in its argument that the ALJ did not commit a legal error in failing to fully explain the weight given to the portions of Dr.

Jalil's opinion that she rejected.  *See doc. 24 at 8-9*.  Defendant does not explain how its argument that medical evidence supports the ALJ's finding that Plaintiff could lift up to twenty pounds, even if accepted by the Court, would substantially justify its position that the ALJ properly considered Dr. Jalil's opinion.  *See generally doc. 26*.  Defendant's argument simply misses the point: the Court did not find that the ALJ erred in rejecting portions of Dr. Jalil's opinon, but rather found that she erred in failing to explain why— or even to acknowledge that—she was rejecting portions of his opinion.  *Doc. 24 at 8-9*.  Therefore, Defendant's position during the litigation of this matter was not substantially justified.

## IV.   CONCLUSION

Based on the foregoing, the Court finds that Defendant has not shown that its position at the administrative level and in defending the ALJ's decision was substantially justified.  IT IS THEREFORE ORDERED THAT the motion is GRANTED and Plaintiff is awarded $2,033.00 in attorney's fees under the EAJA.  *See Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

IT IS FURTHER ORDERED THAT, if Plaintiff's counsel receives attorney's fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**